UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAULA J. ROLLER,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:14-cv-05688-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

   Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

   On January 25, 2011, plaintiff protectively filed an application for SSI benefits, alleging disability as of January 1, 1999. *See* Dkt. 10, Administrative Record ("AR") 12. That application was denied upon initial administrative review on April 11, 2011, and on reconsideration on January 26, 2012. *See id.* A video hearing was held before an administrative law judge ("ALJ") on January 9, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a

ORDER - 1

vocational expert. *See* AR 26-58.

In a decision dated February 11, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 9-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 27, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 2-6; 20 C.F.R. § 416.1481. On September 3, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on January 16, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in evaluating the opinions of Vincent Phillips, M.D., Sarah Magnuson-Whyte, ARNP, Norman Staley, M.D., and Charles Wolfe, M.D.;

(2) in evaluating the medical evidence from Sheena Cortesi, PT, Dennis E. Smith, M.D., Ryan J. Halpin, M.D., and Gareth J. Adams, M.D.,

(2) in discounting plaintiff's credibility;

(3) in assessing plaintiff's residual functional capacity ("RFC"); and

(4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr. Philips – and thus in assessing plaintiff's RFC and in finding her capable of performing other work – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

ORDER - 2

# DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (*citing Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (*quoting Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

The record contains a medical source statement of ability to do work-related activities completed by Dr. Phillips, plaintiff's treating physician, in early March 2012. *See* AR 358-61. Dr. Phillips opined that plaintiff: could lift and/or carry less than 10 pounds both occasionally and frequently; could stand and/or walk for less than two hours in an eight-hour workday; could sit for less than about six hours in an eight-hour workday; would be limited in regard to pushing and/or pulling in her lower extremities; could never climb, kneel, crouch, crawl, or stoop; and could only occasionally balance. *See* AR 358-60. The ALJ stated he "gave little weight" to Dr. Phillips' opinion because:

> . . . Dr. Phillips proffered his opinion on a check-off form and provided no
> narrative support for his opinion. This lack of explanation for the discrepancy

ORDER - 5

>   between his opinion and his treatment notes that showed mild objective
>   findings renders his opinion less persuasive.

AR 18-19. Plaintiff argues, and the Court agrees, that these do not constitute valid reasons for giving the opinion of Dr. Phillips little weight.

Defendant is correct that an ALJ "may 'permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not."). Here, however, the evaluation form Dr. Phillips completed does contain some narrative explanations for the limitations he assessed, albeit perhaps not particularly detailed ones. *See* AR 359 (noting plaintiff had obvious but inoperable spine injuries confirmed on MRI), 360 (further noting plaintiff had severe limp due to groin, hip and leg pain and decreased left leg range of motion).

The ALJ's statement that Dr. Phillips' treatment notes show only mild objective findings also is not supported by the record. Rather, those notes contain findings indicating the presence of significant pain and other symptoms that certainly could support the limitations Dr. Phillips assessed. *See* AR 265 ("Obvious limp, trouble navigating office due to L leg pain."), 268 ("Still difficulty ambulating"), 274 ("still some difficulty walking"), 277 ("Usual L groin pain"), 279 ("Obvious pain, stiffness L groin"), 282 ("Obvious pain, difficulty walking"; "Severe stiffness, limitation L leg at groin"), 285 ("Obvious pain in groin"), 286 ("obvious limp in office today"; "Obvious difficulty raising L leg"), 288 ("Pain L groin when lifted L leg"), 367 ("Still Limps"), 371 ("Limps, Pain/Weakness l leg"), 372 ("Still walks slowly due to pain"), 374 ("exquisite tenderness to left groin"), 383 ("Pt always has trouble walking due to L hip/groin pain"), 389 ("Still difficulty walking"), 390 ("Trouble walking stiff, painful legs"). Given these findings, the

ORDER - 6

ALJ erred in rejecting Dr. Phillips' opinion for this reason as well.

II. The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the residual functional capacity to perform light work along with the following additional limitations:

> **. . . [She] can occasionally climb ladders, ropes, or scaffolds. She can frequently climb ramps or stairs and stoop. She should avoid even moderate exposure to airborne pollutants.**

ORDER - 7

AR 15 (emphasis in original). But because as discussed above the ALJ erred in giving only little weight to the opinion of Dr. Phillips, it cannot be said that the above RFC assessment completely and accurately describes all of plaintiff's functional limitations or to be supported by substantial evidence. As such, the ALJ erred here. Although plaintiff argues the ALJ further erred in failing to include in that assessment the need to use a cane when standing and ambulating, a limitation to sedentary work and an inability to maintain a regular full-time work schedule due to pain and exacerbations of her breathing problems, she has not yet shown that substantial evidence in the record supports such inclusion.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

ORDER - 8

At the hearing, the ALJ posed a series of hypothetical questions to the vocational expert containing substantially the same limitations as were included in the ALJ's RFC assessment. *See* AR 49-52. In response thereto, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff capable of performing other jobs existing in significant numbers in the national economy. *See* AR 19-20.

But because as discussed above the ALJ erred in evaluating the opinion of Dr. Phillips and thus in assessing plaintiff's RFC, it cannot be said that the hypothetical question the ALJ posed completely and accurately describes all of plaintiff's functional limitations. As such, the testimony of the vocational expert also cannot be said to be supported by substantial evidence, and therefore the ALJ erred in relying on it here at step five. Plaintiff argues the ALJ should have accepted the vocational expert's additional testimony that an individual who needed two or more unexcused absences per month, unscheduled rest breaks or to leave their work station every 30 minutes to stretch for five minutes, would be unable to engage in competitive employment. Again, however, it has not been shown that the substantial evidence in the record supports these limitations or that the ALJ would have been required to adopt them.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

ORDER - 9

unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record, and therefore in regard to plaintiff's RFC and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

Plaintiff argues that given the ALJ's failure to properly reject the opinion of Dr. Phillips, the Court should credit that opinion as true. Where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). On the other hand, remand for further proceedings rather than an award of benefits is appropriate "when, even though all conditions of the [*Smolen*] credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Given that error has been found only with respect to the ALJ's discounting of the opinion evidence from Dr. Phillips – and in light of the medical and other evidence in the record overall – there is still serious doubt as to whether plaintiff is in fact

disabled considering the record as a whole. The Court thus declines to apply the credit as true rule in this matter.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 8 day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11